# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**KELRON DECOTEAU,**                                                  **PLAINTIFF**

**v.**                           **No. 3:21-cv-450-BJB**

**MIRANDA CONSTRUCTION, LLC,**                         **DEFENDANT**

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Kelron Decoteau sued Miranda Construction for employment discrimination in violation of the Americans with Disabilities Act, the Family and Medical Leave Act, and the Kentucky Civil Rights Act. Complaint (DN 1) ¶ 1. Decoteau moved under Rule 12 to strike (DN 7) Miranda Construction's answer (DN 6) as untimely because Miranda filed it 24 rather than 21 days after Decoteau allegedly completed service (DN 4).

Federal Rule of Civil Procedure 12(f) allows trial judges to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Sixth Circuit has explained that striking a pleading is "a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). Courts generally disfavor these motions. *See, e.g.*, *Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-cv-135, 2011 WL 5525938, at *1 (W.D. Ky. Nov. 14, 2011) (collecting cases).

The alleged lateness of the answer is the only basis for Decoteau's motion. *See* Motion (DN 7) ¶¶ 3–5. He does not argue that the answer or any of the affirmative defenses it presents are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Courts generally do not grant such a request based solely on the timing of the filing. *See, e.g.*, *Amari v. Spillan*, No. 2:08-cv-829, 2009 WL 5216042, at *2 (S.D. Ohio Dec. 29, 2009) ("Rule 12(f), however, by its clear text does not provide a vehicle to strike an untimely filed answer."); *Hess Corp. v. Precision Powder Coating, Inc.*, No. 5:09-cv-1304, 2009 WL 2430888, at *1–2 (N.D. Ohio Aug. 6, 2009) (denying a motion to strike an answer that was late by one day).

To strike an affirmative defense, moreover, the movant must show that the defense is "insufficient," meaning that "as a matter of law, the defense cannot succeed under any circumstances." *United States v. Am. Elec. Power Serv. Corp.*, 218 F. Supp. 2d 931, 936 (S.D. Ohio 2002) (quoting *Ameriwood Indus. Int'l Corp v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)). Decoteau has not even attempted to argue that the answer falls within the text of Rule 12(f), that the affirmative

1

defenses are insufficient, or that he has suffered any prejudice from the purported three-day delay.

That would suffice to deny the motion, irrespective of Miranda Construction's alternative arguments: that Decoteau hasn't established that it timely or properly served an appropriate representative of Miranda Construction, or that his motion to strike should be treated as establishing an entry of default. Response (DN 11) at 2–3 (citing *Ky. Tax Bill Servicing v. City of Covington*, No. 19-cv-188, 2020 WL 618820 (E.D. Ky. Feb. 10, 2020)). Miranda Construction construed Decoteau's motion to strike as a request for an entry of default, consistent with the warning printed on the summons regarding a failure to respond (DN 4 at 1), and with the decisions of some district courts in this circuit presented with similar motions, Response at 4 (citing *Oppenheimer v. City of Madeira*, 336 F.R.D. 559 (S.D. Ohio 2020)). *See also Amari*, 2009 WL 5216042 at *3 ("Plaintiff here has filed a motion to strike an answer, the substance of which argues that [defendant's] failure to timely file an answer is a default.").

Decoteau filed no reply, and did not otherwise show why entry of default would be appropriate here. Again, nothing indicates any prejudice attributable to the allegedly late filing. *See Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (considering prejudice to plaintiff in deciding whether to set aside an entry of default). Because Decoteau's motion focuses exclusively on untimeliness, the Court will not make any arguments for default on his behalf, and would deny the motion to strike on this alternative basis as well.

Accordingly, the Court denies Decoteau's motion to strike (DN 7).

Benjamin Beaton, District Judge
United States District Court

February 16, 2022